UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

RITA HEMPHILL,                                    Case No. 15-CV-2107 (JRT/FLN)

                Petitioner,

v.                                                        REPORT AND RECOMMENDATION

JULIE NICKLIN,

                Respondent.

---

Petitioner Rita Hemphill, a prisoner at the Federal Correctional Institution in Waseca, Minnesota, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  In her habeas petition, Hemphill challenges the validity of a federal sentence incurred in Illinois.  This Court, however, lacks jurisdiction to consider Hemphill's habeas petition, as her challenge should have been brought in a motion under 28 U.S.C. § 2255 in the district of conviction.  Accordingly, this Court recommends that Hemphill's habeas petition be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I.  BACKGROUND

Hemphill was indicted in the United States District Court for the Northern District of Illinois in 2006 on one count of conspiracy to possess a controlled substance and one count of possessing with intent to distribute a controlled substance.  *See United States v. Hemphill*,

---

[1]Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Although Hemphill seeks relief under § 2241, the Rules Governing Section 2254 Cases nevertheless apply here.  *See* Rule 1(b).

No. 1:06-cr-00324-28 (N.D. Ill. filed May 8, 2006).  Hemphill pleaded guilty to the conspiracy

offense and, in return, the possession count was dismissed.  At sentencing, the district court

found that Hemphill was subject to the career-offender enhancement found at § 4B1.1 of the

United States Sentencing Guidelines, which resulted in a recommended sentencing range of 262-

327 months for Hemphill's offense.  *See* ECF No. 1-1 at 2.  Despite that recommendation,

Hemphill was sentenced to a 128-month term of imprisonment.  *Id*.  Hemphill did not appeal her

sentence or conviction..

Hemphill argues in her habeas petition that the sentencing court incorrectly applied the

career-offender enhancement.  Hemphill's argument is unclear, but it appears that the sentencing

court took into account prior convictions incurred by Hemphill in state court as a juvenile in

determining that she qualified for the career-offender enhancement.  Hemphill argues that this

was improper, and she asks that her sentence be vacated as a result.

## II.  ANALYSIS

"A federal inmate generally must challenge a conviction or sentence through a § 2255

motion."  *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citation omitted).

Therefore, "[i]t is well settled a collateral challenge to a federal conviction or sentence must

generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in

a habeas petition filed in the court of incarceration . . . under § 2241."  *Hill v. Morrison*, 349

F.3d 1089, 1091 (8th Cir. 2003).  Federal district courts lack jurisdiction to hear a federal

prisoner's collateral challenge to her original conviction or sentence brought in a habeas petition

unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective

to test the legality of her detention.  *See* 28 U.S.C. § 2255(e) ("An application for a writ of

habeas corpus [on] behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam).  The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," *see Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), because, when it applies, it can "save" a habeas petition from being dismissed under the § 2255(e) exclusive-remedy rule.

Hemphill acknowledges that she is challenging the validity of her sentence.  *See* ECF No. 1-1 at 1-2.  She also acknowledges that, generally speaking, such a challenge must be raised through a motion brought under § 2255.  *See id*. at 2-3.  Nevertheless, Hemphill argues that § 2255 is inadequate or ineffective in this case, and she urges that this Court consider the merits of her habeas petition.

The Supreme Court has not adopted a specific test for when a prisoner may invoke the savings clause, but several circuit courts have established such tests.  Those tests almost always require that, where a petitioner seeks to invoke the savings clause, the petitioner must show (among other things) that she seeks to apply (1) a new rule of law that (2) has been found to apply retroactively.  *See, e.g.*, *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1274 (11th Cir. 2013) (requiring that the petitioner establish that "the new rule . . . applies retroactively on collateral review . . . ."); *Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001) ("The standards that these courts have articulated for the savings clause may not be framed in identical terms, but the following basic features are evident in most formulations: actual innocence and retroactivity."); *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998) (noting the "obvious" qualification that "the change of law has to have been made retroactive by the

Supreme Court" for the savings clause to apply).  Although the Eighth Circuit has not itself set forth a specific test as to when the savings clause should apply, it has indicated that § 2255 cannot be deemed inadequate or ineffective where the new rule from which the petitioner seeks to obtain relief does not apply retroactively.  *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1062 (8th Cir. 2002).

Applying those principles to this case, it is clear that Hemphill may not avail herself of the savings clause.  To begin, Hemphill's justification for bringing her claim through a habeas petition, and not in a motion under § 2255 in the Northern District of Illinois, is unavailing.  According to Hemphill, she is seeking habeas relief because the one-year limitations period under § 2255 has expired.  *See* Petition at 5 [ECF No. 1].  But a "§ 2255 motion is not inadequate or ineffective merely because petitioner has allowed the one year statute of limitations and/or grace period to expire . . . ."  *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (citing *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999)).  Hemphill's proffered explanation for raising her claim in a habeas petition is therefore insufficient.

Moreover, Hemphill's claim is not based on a new rule of law made retroactive to cases on collateral review.  No aspect of Hemphill's claim could not have been raised on direct appeal or in a motion under § 2255.[2]  Hemphill simply failed to avail herself of these procedural

---

[2]Hemphill, like many habeas petitioners seeking relief under the savings clause, offers a confused argument referencing *Descamps v. United States*, 133 S. Ct. 2276 (2013).  Hemphill's attempted invocation of *Descamps* must be rejected for at least two reasons.  First, multiple courts have concluded that the Supreme Court did not make *Descamps* retroactive on collateral review.  *See Groves v. United States*, 755 F.3d 588, 593 (7th Cir. 2014); *Wilson v. Warden, FCC Coleman*, 581 Fed. App'x 750 (11th Cir. 2014) (per curiam); *Whittaker v. Chandler*, 574 Fed. App'x 448 (5th Cir. 2014) (per curiam); *Dunklin v. Wilson*, No. 13-CV-2411 (PJS/JSM), 2014 WL 5464250, at *5 (D. Minn. Oct. 27, 2014); *Snyder v. Wilson*, No. 14-CV-2047 (PAM/LIB),

(continued...)

vehicles.  She may not now attempt to resurrect a previously abandoned claim through a petition

for habeas relief.  *See Abdullah*, 392 F.3d at 963 ("[T]he Due Process Clause of our Constitution

does not require that a petitioner have more than one unobstructed procedural opportunity to

challenge his conviction.").[3]

Because Hemphill may not avail herself of the savings clause, this Court lacks

jurisdiction to consider Hemphill's habeas petition.  This Court therefore recommends that

Hemphill's habeas petition be denied, and that this action be dismissed without prejudice for

lack of jurisdiction.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS

HEREBY RECOMMENDED THAT:

1.      Petitioner Rita Hemphill's petition for a writ of habeas corpus [ECF No. 1] be

DENIED.

2.      This action be DISMISSED WITHOUT PREJUDICE FOR LACK OF

JURISDICTION.

3.      Hemphill's motion to appoint counsel [ECF No. 2] be DENIED AS MOOT.

---

[2](...continued)
2014 WL 3767845, at *5 (D. Minn. July 31, 2014).  Second, *Descamps* has nothing whatsoever
to do with the argument offered by Hemphill — specifically, that the sentencing court
incorrectly took state juvenile convictions into account when determining that she qualified for
the career-offender enhancement.  Thus, regardless of whether *Descamps* is retroactive, it does
not apply to Hemphill's sentence.

[3]Although the Court does not reach the merits of Hemphill's habeas petition, it notes that
her substantive argument is foreclosed by Eighth Circuit case law.  *See, e.g.*, *United
States v. Baker*, 961 F.2d 1390, 1392-93 (8th Cir. 1992) (affirming application of § 4B1.1 for
offense incurred by juvenile in state court).

Dated: May <u>6</u>, 2015                    <u>*s/Franklin L. Noel*</u>
                                        Franklin L. Noel
                                        United States Magistrate Judge

## **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.